**Henry Frank POPE, Petitioner–Appellant,**

v.

**Theo WHITE, Warden, Respondent–Appellee.**

No. 04–17029.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Filed June 8, 2006.

James S. Thomson, Esq., Berkeley, CA, for Petitioner–Appellant.

Raymond Brosterhous, II, Shirley A. Nelson, Esq., Justain P. Riley, DAG, AGCA–Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: KOZINSKI and McKEOWN, Circuit Judges, and HOGAN,* District Judge.

MEMORANDUM **

Henry Frank Pope appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition. Because Pope's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), to qualify for habeas relief, he must demonstrate that the state court's determination resulted in an unreasonable application of clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). We benchmark each claim against this standard, and we affirm.

## I. Pre–Trial Identification

Controlling Supreme Court law holds that pre-trial identification procedures violate due process where: (1) the identification procedure is impermissibly suggestive, and (2) the reliability of the identification, based on the totality of circumstances, does not outweigh the cor-

---

* The Honorable Michael Hogan, United States District Judge for the District of Oregon, sitting by designation.

rupting effect of the suggestive procedures. *See Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Though the lineup was not a model of uniformity, four of the five subjects in the lineup were sufficiently similar in appearance. *See Mitchell v. Goldsmith,* 878 F.2d 319, 323 (9th Cir.1989) (photospread not suggestive where at least two of the men in the lineup closely resembled the defendant). In addition, after viewing the lineup, the witness unambiguously raised four fingers—indicating Pope's position—without any prompting by the police. The California Court of Appeal's determination was in accord with federal law.

## II. Jury Instruction

■ Viewed in the context of the jury instructions and the trial record as a whole, the trial court's refusal to give a specific jury instruction on the credibility of child witnesses, separate from and in addition to its standard instruction on the credibility of witnesses (CALJIC 2.20), did not "so infect[ ] the entire trial that the resulting conviction violate[d] due process." *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)).

## III. *Miranda* Violation

■ Given the facts that support a finding that Pope was not "in custody" for *Miranda* purposes during police questioning—e.g., the police did not transport Pope to the station, Pope went voluntarily with his girlfriend, and Pope was not under arrest, not placed in handcuffs or threatened with prosecution—"fair-minded jurists could disagree over whether [petitioner] was in custody." *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct.

2140, 158 L.Ed.2d 938 (2004). Thus, the state court's determination was not unreasonable.

## IV. *Batson* Claim

■ A challenge under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), is evaluated in three steps. The first step—a defendant's prima facie showing that the prosecutor exercised a peremptory challenge because of race, *see id.* at 96, 106 S.Ct. 1712—is not an issue in this appeal. As for steps two and three, the prosecutor offered race neutral reasons for the two strikes, and the trial court deemed the prosecutor's reasons to be credible. While the trial court's evaluation of the prosecutor's credibility may not have been exhaustive, it was sufficient.

## V. Remaining Claims

■ The remaining claims are without merit. Pope argues that the district court's failure to address his Sixth Amendment confrontation claim in light of *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) warrants remand to the district court. However, the contested hearsay statements—Zack Thomas, Jr.'s statements to Lois Miller on the morning of his murder—admitted under the "state of mind" exception to the hearsay rule, were not "testimonial" statements under *Crawford. See id.* at 51–52, 124 S.Ct. 1354 (explaining that "testimonial" statements include those "made under circumstances which would lead an objective witness reasonably to believe that the statement[s] would be available for use at a later trial" and distinguishing an "accuser['s] formal statement to government officers ... [from] a person who makes a casual remark to an acquaintance").

■ Because the jury recommended that Pope be sentenced to life imprison-

ment rather than death, his claim that the trial court erroneously excluded three potential jurors based on their views of the death penalty is not a ground for habeas relief. *See Bumper v. North Carolina,* 391 U.S. 543, 545, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) ("Our decision in *Witherspoon* does not govern the present case because here the jury recommended a sentence of life imprisonment.").

Nor has Pope demonstrated the existence of "several substantial errors" warranting relief under the cumulative error doctrine. *Killian v. Poole,* 282 F.3d 1204, 1211 (9th Cir.2002) (holding that "even if no single error were prejudicial, where there are several substantial errors, their cumulative effect may nevertheless be so prejudicial as to require reversal" (internal quotation marks omitted)).

**AFFIRMED.**

---

* The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.